# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY ALICIA McKEITHEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-112-JWD-SDJ** |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 20, 2022.

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY ALICIA McKEITHEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-112-JWD-SDJ** |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is before the Court on an Order to Show Cause (R. Doc. 5). As explained below, Plaintiff failed to comply with or otherwise respond to the Court's July 5, 2022 Show Cause Order (R. Doc. 5). For that reason, and because Plaintiff has also failed to comply with the Court's Scheduling Order (R. Doc. 2) or otherwise take steps to prosecute this litigation,

**IT IS RECOMMENDED** that Plaintiff's cause of action be **DISMISSED** for **failure to prosecute** under to Local Rule 41(b)(1) (dismissal for failure to prosecute), and pursuant to this Court's inherent power, *see Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

Plaintiff Terry McKeithen filed this cause of action on February 19, 2021 (R. Doc. 1). Plaintiff seeks judicial review of a final decision of the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g), denying her application for disability benefits.

The Court issued a Scheduling Order (R. Doc. 2) on March 1, 2021, directing Plaintiff to file a memorandum in support of her appeal within sixty days after the filing of the administrative record. The Commissioner filed the administrative record on September 14, 2021. (R. Doc. 4). Plaintiff, however, did not file the required memorandum within the time allowed — by November 15, 2021. (R. Doc. 4 at 2) (administrative record mailed to Plaintiff on September 14, 2021); *see also* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a).").

Plaintiff's memorandum has never been filed and is now 8 months overdue. Given this considerable delay, the Court issued a Show Cause Order (R. Doc. 5) on July 5, 2022, which made clear that "on or before **July 19, 2022**, Plaintiff **must** file a **memorandum** in support of Plaintiff's appeal or otherwise **show cause**, **in writing**, why the claims against [the Commissioner] should not be dismissed . . . for failure to prosecute." (R. Doc. 5 at 1). The Show Cause Order also advised Plaintiff that her "[f]ailure to comply with this Order will result in a recommendation that Plaintiff's Complaint being dismissed, with or without further notice." (R. Doc. 5 at 1).

July 19, 2022, has now passed. A memorandum in support of Plaintiff's appeal was not filed in the record by July 19, 2022, as required by the Show Cause Order.[1] As of this writing, a

---

[1] Because the period for Plaintiff to file her memorandum was stated in days (R. Doc. 2 at 1) (Plaintiff's memorandum due within 60 days after filing of administrative record), the "time-computation provisions of [Rule 6(a)] appl[ied]" as the "time period [had] [to] be computed." Fed. R. Civ. P. 6(a) advisory committee's note (2009). And since the time-computation provisions of Rule 6(a) applied, Rule 6(d) then gave Plaintiff an additional 3 days — i.e., 63 days total — to file her memorandum because service was made by mail. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a).").

An additional 3 days, however, could not be added to the July 19, 2022 deadline set by the Show Cause Order, even though that Order was also sent to Plaintiff by mail. This is because the "time-computation provisions of [Rule 6(a)] apply only when a time period must be computed. They do not apply when a fixed time to act is set. . . . [S]o [i]f, for example, the date for filing is 'no later than November 1, 2007,' subdivision (a) does not govern." Fed. R. Civ. P. 6(a) advisory committee's note (2009). And because Rule 6(a) did not govern, Rule 6(d) likewise did not apply to give

memorandum has still not been filed. Again, Plaintiff's memorandum is now 8 months overdue. Alternatively, Plaintiff did not "otherwise **show cause**, **in writing**, why the claims against [the Commissioner] should not be dismissed" by July 19, 2022. (R. Doc. 5 at 1).

Because Plaintiff failed to comply with the Court's Scheduling Order (R. Doc. 2), has failed for over 8 months to seek leave to file her memorandum out of time, and failed to comply with or otherwise respond to the Court's Show Cause Order, she has failed to prosecute her claim. *See Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (affirming district court's dismissal for failure to prosecute and noting: "Here, a ten-month period of inaction while the stay was in effect and the failure to appear at the pre-trial conference show the delay."); *Porter v. Beaumont Enterprise and Journal*, 743 F.2d 269, 272 (5th Cir. 1984) (record of delay sufficient to warrant dismissal for failure to prosecute where plaintiff first failed to pay process-server, then waited eight months and then waited five more weeks after hearing on dismissal motion to try service again); *Maxey v. Citizens Nat'l Bank of Lubbock, Tex.*, 459 F.2d 56, 57 (5th Cir. 1972) (affirming sua sponte dismissal for failure to prosecute where plaintiff failed to respond to show cause order); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)."). And so, for the reasons given above,

**IT IS RECOMMENDED** that Plaintiff's cause of action be **DISMISSED** pursuant to Local Rule 41(b)(1), and this Court's inherent power, for **failure to prosecute**. *See Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("Under Rule 41(b), a defendant may move to dismiss the action or any claim against it if the plaintiff fails to prosecute or to comply with these rules or

---

Plaintiff 3 additional days. To be clear, a memorandum or response to the Show Cause Order was due by July 19, 2022, and Plaintiff failed to comply with the Show Cause Order's requirements. (R. Doc. 5).

a court order. It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion."); *Cintron-Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 525-26 (1st Cir. 2002) ("A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in [Rule] 41(b).").

Signed in Baton Rouge, Louisiana, on July 20, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**